UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER STEWART,

               Plaintiff,

       -against-

SUPERVISOR OF MIDDLETOWN DSS MS.
MALMANDIER; MS. DAPHNE AFTER
HOURS PHONE OPERATOR,

               Defendants.

1:25-CV-1448 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Alexander Stewart filed this action *pro se* while he was at liberty; he is currently incarcerated in the Wallkill Correctional Facility. He seeks damages, asserting claims of federal constitutional violations under 42 U.S.C. § 1983. Plaintiff sues: (1) "Supervisor of Middletown DSS Ms. Malmandier" ("Malmandier"), who appears to be a supervisor employed by the Orange County Department of Social Services, in Middletown, New York; and (2) "Ms. Daphne After Hours Phone Operator," ("Daphne"), who appears to be an after-hours phone operator employed by a private social services organization known as Honor. The Court understands Plaintiff's claims as brought under Section 1983 and under state law.

By order dated February 24, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff alleges the following in his complaint:[1] Defendants "depriv[ed] [Plaintiff] of [his] constitutional rights, under the color of state law, . . . [when they] used their authorities to abuse their power." (ECF 1, at 3.) Plaintiff states that "[t]heir actions resulted in [his] deprivation of housing during code blue period and cause[ed] . . . medical issues." (*Id.*) He also states that "Daphne . . . either did not [give him] a call back after [he] called for housing . . . [or she] intentionally and specifically stated that . . . [he was] to be housed only inconveniently in another town[,] Newburgh[,] [New York]." (*Id.* at 4.) When Plaintiff demonstrated to Daphne that he was not supposed to be housed in Newburgh, she "stated 'oh well[,] that[']s where you[']r[e] going,'" though housing in Middletown, New York, was available. (*Id.*)

Plaintiff alleges that the events that are the basis for his claims occurred between January 8, 2025, and January 28, 2025, during telephone conversations Plaintiff had with Malmandier and Daphne. He states that, as a result, he "ended up sleeping in a[n] abandoned van for those days" and "ended up with rashes from dry skin in . . . [his] abdomen due to hernia and refracture of [his] toes due to walking around all hours of the night." (*Id.*) Plaintiff also states that his "housing issues have been going on nearly a year" and that he has suffered a "lack of rest, health issues, and lack of hygiene" because of his housing issues. (*Id.* at 5.)

**DISCUSSION**

**A.      Claims under 42 U.S.C. § 1983 against Daphne**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against Daphne. A claim for relief under Section 1983 must allege facts showing that the defendant acted under

---

[1] The Court quotes from Plaintiff's complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . .  the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted)). A private individual is not generally considered to be a state actor. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . ." (internal quotation marks and citations omitted)).

Plaintiff alleges no facts showing how Daphne—a private individual employed by a private social services organization—functioned as a state actor when she allegedly violated his federally protected rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against Daphne for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    No right to housing under federal law**

The Court understands Plaintiff's complaint as asserting claims under Section 1983 that Malmandier violated Plaintiff's purported federal constitutional right to be provided with safe and sanitary housing. There is no right, under the United States Constitution, however, to be provided with housing or with safe and sanitary housing. *See generally Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are

4

unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality. . . .”). Accordingly, no government officer has any “obligation to provide adequate housing” under the federal constitution. *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2012) (internal quotation marks and citation omitted). Accordingly, the Court dismisses any claims under Section 1983 that Plaintiff brings against Malmandier arising from a purported right to be provided with housing or to be provided with safe and sanitary housing for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**C.**     **No duty under federal law to protect Plaintiff or investigate his concerns**

The Court also understands Plaintiff's complaint as asserting, under Section 1983, claims that Malmandier failed to protect Plaintiff or investigate his concerns regarding his need for housing. There is generally no federal constitutional duty, however, requiring a government officer to investigate or protect an individual from harm. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gong v. Sarnoff*, No. 23-CV-0343 (LJL), 2024 WL 3638335, at *7 (S.D.N.Y. Aug. 1, 2024) (“It is settled that the State has no general Due Process obligation to ensure the safety, care, and protection of individuals who are not in its custody. Also, [i]t is well established that [t]here is no constitutional right to an investigation by government officials.” (internal quotation marks and citations omitted)).

There are two recognized exceptions to this general rule: (1) “when [a government official] takes a person into [the government official's] custody and holds him there against his will, the Constitution imposes upon [the government official] a corresponding duty to assume some responsibility for his safety and general well-being,” *DeShaney*, 489 U.S. at 199-200; and (2) when a state actor affirmatively creates or increases a danger to the plaintiff, *see, e.g.,*

5

*Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that the government official's or state actor's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

Plaintiff does not allege that, at the time of the alleged events, Malmandier took him into custody or that she affirmatively created or increased a danger to him. In addition, Plaintiff alleges nothing to suggest that Malmandier's alleged behavior was so egregious or outrageous as to shock the contemporary conscience. The Court, therefore, dismisses Plaintiff's claims under Section 1983 against Malmandier arising from an alleged failure to protect Plaintiff or investigate his concerns for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**D.      Claims under state law**

With respect to Plaintiff's claims under state law, the Court declines to consider them under its supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims over which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction over any of Plaintiff's claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.**      **Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Court dismisses this action for reasons set forth in this order. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3)

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:     April 13, 2026
            New York, New York

_____
            Louis L. Stanton
            U.S.D.J.

7