UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER STEWART,

Plaintiff,

-against-

SUPERVISOR OF MIDDLETOWN DSS MS. MALMANDIER, et al.,

Defendants.

1:25-CV-1448 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

By order dated April 13, 2026, and entered on April 14, 2026, and by judgment dated and entered on April 15, 2026, the Court dismissed this *pro se* action *sua sponte.* (ECF 10, 11.) On June 9, 2026, the Court received from Plaintiff, who is currently incarcerated, a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), which was entered the next day, June 10, 2026.

For the reasons set forth below, the Court grants Plaintiff's Rule 4(a)(5) motion. Accordingly, pursuant to Rule 4(a)(5)(C), the Court grants Plaintiff 14 days from the entry of this order to file a notice of appeal.

**DISCUSSION**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). With respect to an incarcerated litigant appearing *pro se*, a notice of appeal is considered filed on the date when he delivers his notice of appeal to correctional officials for its delivery to the court. *See Houston v. Lack*, 487 U.S. 266 (1988).

Under Rule 4(a)(5), a litigant may seek an extension of time to file a notice of appeal. A Rule 4(a)(5) motion must be filed within 30 days after the expiration date of the period to file a

notice of appeal, and must also show excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i), (ii).

At the latest, Plaintiff had 30 days from the date that the abovementioned civil judgment was entered (on April 15, 2026), or until May 15, 2026, to file a timely notice of appeal. He had 30 days from that date, or until June 15, 2026, to file a timely Rule 4(a)(5) motion for an extension of time to file a notice of appeal.[1] Plaintiff has not filed a notice appeal, but the Court received his Rule 4(a)(5) motion on June 9, 2026, before the applicable period to file such a motion expired. Thus, his Rule 4(a)(5) motion is timely.

A timely Rule 4(a)(5) motion may only be granted when the moving party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii). In his Rule 4(a)(5) motion, Plaintiff, who is incarcerated, states that he has been "unable to get consistent access to [his prison's] law library and [to] [photo]copies, as well as [have] time to gather the necessary documents." (ECF 12, at 1.) In that same motion, he informs the Court of a new prison policy with respect to the availability of photocopies from his prison's law library. (*Id.* at 2.) He has attached to his motion a copy of a memorandum issued by the New York State Department of Corrections and Community Supervision ("DOCCS"), dated February 17, 2026, concerning prison law libraries. (*Id.* at 3.) In that memorandum, DOCCS informs prisoners, among other things, that: (1) photocopies of legal documents will cost them 10 cents per copy; (2) "[m]aterial will be reviewed to ensure it is legal in nature"; (3) "[a]ll requests must be submitted with a completed disbursement form to the Law Library Officer"; (4) "[photo]copies will not be given until the pink/yellow copies of the disbursement form are returned to the Business Office"

[1] Because the last day of that 30-day period actually fell on Sunday, June 14, 2026, that period was extended to the next court-business day, Monday, June 15, 2026. *See* Fed. R. App. P. 26(a)(1)(C).

(highlighted by Plaintiff); and (5) "[a]dvances will only be authorized for photocopies of specific documents that are required by the courts that cannot be replicated longhand" (same). (*Id.*).

Courts have held that hindrances to a prisoner's access to his prison's law library constitute good cause for the purposes of Rule 4(a)(5). *See Bennett v. Poole*, No. 04-CV-0014, 2008 WL 10665430, at *1 (W.D.N.Y. Sept. 12, 2008); *Jones v. Walsh*, No. 1:06-CV-0225 (JGK), 2008 WL 586270, at *1 (S.D.N.Y. Mar. 4, 2008); *see also Stephanski v. Superintendent of Upstate Corr. Facility*, No. 02-CV-0562, 2007 WL 210399, at *1 (W.D.N.Y. Jan. 25, 2007) (citing, *inter alia*, *Khoa Chuong Le v. Dretke*, No. 3-03-CV-2042-H, 2004 WL 1161400, at *1 (N.D. Tex. May 21, 2004) (findings and recommendation)); *cf. Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04-CV-3600 (SHS), 2010 WL 479658, at *2 (S.D.N.Y. Feb. 5, 2010) ("While excusable neglect applies in situations where there is fault, parties may invoke the good cause standard where the cause for missing the deadline was entirely beyond their control. . . .").

Plaintiff alleges that he has inconsistent access to his prison's law library, and he also seems to allege that his access to photocopies from that law library has been hindered due to the execution of the abovementioned new DOCCS policy. The Court finds that this constitutes good cause for the purposes of Rule 4(a)(5). The Court therefore grants Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal. Under Rule 4(a)(5)(C), "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Accordingly, as the abovementioned 30-day period to file a Rule 4(a)(5) motion—within 30 days after the expiration date to originally file a timely notice of appeal—expired on June 15, 2026, *supra* at 2,

pursuant to Rule 4(a)(5)(C), the Court grants Plaintiff 14 days from the date of the entry of this order to file a notice of appeal.

**CONCLUSION**

The Court grants Plaintiff's motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. (ECF 12.) The Court therefore directs the Clerk of Court to terminate ECF 12.

Accordingly, pursuant to Rule 4(a)(5)(C) of those rules, the Court grants Plaintiff 14 days from the entry of this order to file a notice of appeal.

A notice of appeal form is attached to this order. Plaintiff must complete, sign, and file his notice of appeal with the Clerk of Court within 14 days of the entry of this order.

SO ORDERED.

Dated: June 18, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.